UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JACOB FALLICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00061-SDN |
| | ) | |
| RANDALL LIBERTY et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at Maine State Prison, filed a complaint against several prison officials.[1]  (Complaint, ECF No. 1.)  In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted.  (Order, ECF No. 6.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

---

[1] The defendants include Commissioner Randall Liberty, Warden John Thayer, Assistant Warden Stewart. John Doe, Dean Leonard, Sergeant Gray, and CO Hoskins.

After a review of Plaintiff's complaint, I recommend the Court allow Plaintiff to proceed on his claims against Defendant Hoskins and dismiss the claims as to the remaining defendants.

## FACTUAL BACKGROUND

Plaintiff alleges that on January 6, 2025, he was assaulted in the prison on two occasions in view of Defendant Hoskins, who is a corrections officer at the prison. (*Id.* at 5–6.) Plaintiff asserts that after the first assault, Defendant Hoskins made a derogatory comment about Plaintiff's sexual orientation and questioned whether Plaintiff had "learned his lesson."[2] (*Id.* at 6.) Plaintiff alleges he was then assaulted more severely a second time, which assault occurred "at the discretion" of Defendant Hoskins. (*Id.* at 6.) According to Plaintiff, Defendant Hoskins did not stop the assault until other residents intervened. (*Id.*) Plaintiff asserts that after the first assault, the other defendants did not remove Plaintiff from the general population. (*Id.* at 8.) Plaintiff alleges he suffered several physical injuries because of the assaults. (*Id.* at 7.) Plaintiff further alleges he continues to emotionally. (*Id.*)

Plaintiff seeks to assert an Eighth Amendment claim under 42 U.S.C. § 1983 against all Defendants. (*Id.* at 1-2.) Plaintiff also alleges a claim of intentional infliction of emotional distress. (*Id.* at 7-8.)

---

[2] Plaintiff asserts that he is openly bisexual. (*Id.* at 6.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a

claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

### A.    Eighth Amendment

The Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to

the states through the Fourteenth Amendment, imposes a duty on prison officials to protect

inmates from violence at the hands of other inmates. *Lakin v. Barnhart*, 758 F.3d 66, 70

(1st Cir. 2014). "That duty has its origins in the forced dependency of inmates[.]" *Giroux*

*v. Somerset Cty.*, 178 F.3d 28, 31 (1st Cir. 1999). "Having incarcerated 'persons [with]

demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having

stripped them of virtually every means of self-protection and foreclosed their access to

outside aid, the government and its officials are not free to let the state of nature take its

course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970) (quoting *Hudson v. Palmer*, 468

U.S. 517, 526 (1984)).

Under the law, not every incident of prisoner-on-prisoner violence that results in

injury gives rise to constitutional liability. *Lakin*, 758 F.3d at 70. To raise a genuine issue

of constitutional liability, a plaintiff must demonstrate that he or she was "incarcerated

under conditions posing a substantial risk of serious harm," and that the defendant "acted,

or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting

*Farmer*, 511 U.S. at 834). In other words, a plaintiff must satisfy both an objective standard

(substantial risk of serious harm) and a subjective standard (deliberate indifference) in

order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st

Cir. 2014) (en banc).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847; *Burrell v. Hampshire Cty.*, 307 F.3d 1, 8 (1st Cir. 2002) (citing *Farmer*, 511 U.S. at 844) ("Prison officials cannot be indifferent, of course, if they are unaware of the risk.  But even if they are aware, they cannot be deliberately indifferent if they responded reasonably to the risk, even if the harm ultimately was not avoided.").

Plaintiff alleges facts from which a fact finder could reasonably infer that at least as to the second assault, Defendant Hoskins was aware that Plaintiff was at risk of serious harm but took no steps to prevent the harm.  At this stage of the proceeding, therefore, Plaintiff has alleged enough facts to support a claim against Defendant Hoskins.

Plaintiff has not, however, stated sufficient facts to allege an actionable Eighth Amendment claim against the remaining defendants.  Plaintiff's allegation that Defendants Thayer, Stewart, Doe, Leonard, and Gray left Plaintiff in the general prison population after the first assault, without more, is insufficient to satisfy the objective and subjective prongs of an Eighth Amendment claim.  Notably, Plaintiff has alleged no facts that would support a finding that Defendants Thayer, Stewart, Doe, Leonard, and Gray were present during either assault or were otherwise aware of the threat posed to Plaintiff by other inmates prior to either assault.

Plaintiff also has not stated a claim against Defendant Liberty as he has not alleged any facts implicating Defendant Liberty in the alleged incidents, *see Vélez-Rivera v.*

*Agosto-Alicea*, 437 F.3d 145, 146 (1st Cir. 2006) (quotation marks omitted) ("It is well-established that only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable" under § 1983), or any facts that would support a supervisory liability finding. *Ligocki v. Lacasse*, No. 1:18-cv-1112-SM, 2020 WL 1991003, at *4 (D.N.H. Apr. 8, 2020) (quoting *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)) ("To state a claim of supervisory liability . . . [a] plaintiff 'must show an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization[] between the actor and the underlying violation.").[3]

## B.    Intentional Infliction of Emotional Distress

To state a claim of Intentional Infliction of Emotional Distress (IIED) under Maine law, a plaintiff must establish the following four elements:

> (1) The defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from [his or] her conduct; (2) the conduct was so "extreme and dangerous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was "so severe that no reasonable [person] could be expected to endure it."

---

[3] Although Plaintiff asks the Court to make certain declarations, and a request for declaratory relief could support an "official capacity" claim, Plaintiff has not alleged sufficient facts to support an official capacity claim as Plaintiff has not alleged that a prison policy or custom, at least in part, resulted in a constitutional violation. *See Cavitt v. Mass. Dep't of Corrections*, 512 F. Supp. 3d 149, 155 (D. Mass. 2021) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)) ("To state an official capacity claim for injunctive relief, the plaintiff must show that the government 'entity's policy or custom … played a part in the violation of federal law.'"). Furthermore, to the extent Plaintiff seeks a declaratory judgment that past conduct was unlawful, Plaintiff would not be entitled to declaratory relief. *See Madison v. Cruz*, 390 F. Supp. 3d 191, 197 (D. Mass. 2019) (quoting *ACLU of Mass. v. U.S. Conf. of Catholic Bishops*, 705 F. 3d 44, 53 (1st Cir. 2013)) ("'With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is … not permissible as it would be merely advisory.'").

*Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18 (quoting *Champagne*, 1998 ME 87, ¶ 15, 711 A.2d 842).

Based on Plaintiff's allegations, a fact finder could reasonably find that Defendant Hoskins deliberately allowed other inmates to assault Plaintiff. A fact finder could also reasonably conclude that in allowing the assault to occur, Defendant Hoskins engaged in conduct that was "so extreme and dangerous as to exceed all possible bounds of decency." Plaintiff, therefore, has alleged sufficient facts to support an IIED claim against Defendant Hoskins in his individual capacity.  As with Plaintiff's Eighth Amendment claim, Plaintiff's allegations against the other defendants would not support an IIED claim against them.

### CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's claims against the defendants except for the claims against Defendant Hoskins.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2025.